**Lee W. DAVIS, Petitioner—Appellant,**

v.

**Anthony C. NEWLAND, Warden, Respondent—Appellee.**

No. 03–16856.

D.C. No. CV–00–0079–FCD/JFM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 13, 2004.

Lee W. Davis, Soledad, CA, pro se.

Daniel J. Broderick, Appointed Federal Public Defender, Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Stephen Herndonm, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM**

California prisoner Lee W. Davis appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his guilty-plea conviction for voluntary manslaughter. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Davis contends that he was induced to plead guilty by the state's promise that he would be eligible to earn up to 20% of his sentence in custody credits. However, because state law limited custody credits to a maximum of 15% of Davis' sentence, he contends that the state breached the plea agreement and that his plea was not knowing and voluntarily made.

Because this court may not grant habeas relief unless the state court's decision denying these claims was contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, we affirm. *See Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (stating the Constitution does not require the state to furnish the defendant with information regarding parole eligibility for the defendant's guilty plea to be voluntary).

**AFFIRMED.**